NEW JERSEY LAMP WORKS, APPELLEE, v. McCULLOUGH-GENTLE TRUCKING COMPANY, APPELLANT.

Submitted January 27, 1928—Decided May 3, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Jerome J. Dunn.*

For the appellee, *Maurice S. Maurer.*

PER CURIAM.

The action was for goods sold and delivered. The original demand declared upon a book account, showing simply dates and amounts with no items of the merchandise covered by the charges.

Subsequently an amended demand was filed containing a copy of the book account fully itemized.

Appellee has a judgment for $250.

Reversal of this judgment is urged upon three grounds—

1. Because the amended state of demand was not served upon appellant, and appellant was forced to trial over objection as to such non-service of demand.

The state of the case before us is entirely silent as to any objection of this character having been made.

2. Because the plaintiff below failed to produce its books to prove the account upon which it was seeking recovery.

But this was not necessary. Books of account, if proved, may be good evidence, but are "not the best evidence so as to exclude parol proof." *Stuart* v. *Burlington County Farmers Exchange,* 90 *N. J. L.* 584.

Further than this the state of case shows: "Plaintiff proved the doing of the work, the price and part payment by the defendant. Defendant admitted that the work was done, or was supposed by it to have been done, the price and the receipt by defendant of the radiators the plaintiff proved had been repaired by plaintiff, but objected that the plaintiff did not produce its books in evidence. As the case was tried on the claim of work done, which has been testified to in detail for plaintiff, the objection was overruled."

Under such circumstances there was no error in the direction complained of.

3. Error in refusal to direct a verdict for appellant.

As there is proof supporting the judgment in favor of the appellee, there was no error in the trial court, reviewable here, in refusing to find in favor of appellant.

The judgment below is affirmed.